THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SANDRA G. LEWIS, *et al.*,

    **Plaintiffs,**

v.                                                                   **Civil Action No. 3:19cv578**

JAYCO, INC., *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs Sandra G. Lewis and Wesley S. Lewis's (collectively, the "Plaintiffs") Motion to Amend the Complaint (the "Motion to Amend"), (ECF No. 32.) Defendants Jayco, Inc., Camping World RV Sales, LLC, and Camping World, Inc. (collectively, the "Defendants") responded, (ECF No. 37), and the Plaintiffs replied, (ECF No. 39). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions and argument would not aid the decisional process. For the reasons that follow, the Court will grant the Motion to Amend.

### I. Background

#### A.     Summary of the Original Complaint and Procedural Background

This matter arises out of the Plaintiffs' purchase of an allegedly defective motorhome. The Plaintiffs contend that "[p]rior to purchasing the [m]otorhome, the defendants and their agents made oral and written representations to the plaintiffs indicating that the [m]otorhome had been properly inspected prior to delivery and that the [m]otorhome was free from defects." (Aug. 12, 2019 Mem. Op. 2, ECF No. 42.) After several months of hearing "a loud 'clunking' noise that was produced after going over any bump on the road," the Plaintiffs took the

motorhome to a mechanic for repair. (*Id.* 2–3.) The mechanic informed the Plaintiffs that the motorhome "was unsafe to drive." (*Id.* 3.)

The Plaintiffs originally filed their four-count Complaint in the Circuit Court for Albemarle County seeking: (1) recession of the contract; and alleging (2) a violation of the Virginia Consumer Protection Act, Va. Code § 59.1-196; (3) actual fraud; and, (4) a violation of the Magnuson-Moss Act, 15 U.S.C. § 2301(3). (ECF No. 1-1.) The Defendants removed the case to the United States District Court for the Western District of Virginia invoking federal question jurisdiction under 28 U.S.C. § 1331(a)[1] and supplemental jurisdiction under 28 U.S.C. § 1367.[2] (*See* Not. Removal ¶¶ 4–7, ECF No. 1.) After hearing oral argument on the Motion to Amend and a motion to dismiss filed by the Defendants,[3] the Western District of Virginia transferred this matter to this Court. (Aug. 12, 2019 Mem. Op. 8.) In its order transferring the case and denying the motion to dismiss, the Western District of Virginia stated that "[a]ll other pending motions are left to the discretion of the transferee court." (Aug. 12, 2019 Order ¶ 4, ECF No. 43.) The Western District of Virginia did not decide the Motion to Amend. (*Id.*)

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). The Complaint alleges a violation of the Magnuson-Moss Act.

[2] The Court exercises supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

[3] In the Motion to Dismiss, Jayco, Inc. sought to "dismiss or transfer [the] Plaintiffs' Complaint on the grounds that the applicable Limited Warranty contains a mandatory forum selection clause providing that exclusive jurisdiction over this matter lies in Indiana." (Mem. Supp. Mot. Dismiss 1, ECF No. 9.) The Western District of Virginia heard oral argument on the Motion to Dismiss on the same day as the Motion to Amend and, in transferring the matter to this Court, denied the Motion to Dismiss. (Aug. 12, 2019 Order ¶ 1, ECF No. 43.)

### B. Summary of the Parties' Positions on the Motion to Amend

The Plaintiffs filed the Motion to Amend after participating in an agreed upon "limited discovery . . . so Plaintiffs could adequately respond to Defendant Jayco, Inc's Motion to Dismiss." (Mot. Amend ¶ 3, ECF No. 32.) After completing this discovery, the Plaintiffs seek to amend their Complaint to:

> (1) update the Background Facts section to include the information uncovered during the recent depositions . . . (2) updat[e] Count II to include new allegations that arise from the facts discovered in the depositions . . . (3) updat[e] Count III to include the facts discovered in the depositions . . . and (4) includ[e] a new Count IV for Constructive Fraud based on the information discovered through the depositions.

(*Id.* ¶ 9.) The Plaintiffs also seek to remove "all references to former Defendant Jayco-VA, LLC" as the Court has dismissed that Defendant. (*Id.*)

The Plaintiffs assert that their amendment "incorporates the critical new facts and allegations that could only have been discovered after the initial Complaint had been filed." (*Id.* ¶ 10.) Many of these allegations pertain to a statement made by a Camping World employee telling Sandra Lewis that "signing the Warranty Registration Form was necessary only because it *'is what registers [the Plaintiffs' motorhome] unit with Jayco'* for the purposes of obtaining Defendant Jayco, Inc.'s two-year warranty." (*Id.* ¶ 5 (emphasis in original).) The Warranty Registration Form, however, also stated that the "signee had read and understood Defendant Jayco, Inc's Limited Warranty prior to signing the document, which included having read and understood the forum selection clause presented in the Limited Warranty." (*Id.* ¶ 6.) The Plaintiffs claim that the employee "did not provide any additional information regarding the importance of the Warranty Registration form and did not provide the Plaintiffs with a copy of the Limited Warranty prior to the signing of the Warranty Registration form." (*Id.* ¶ 8.) The Plaintiffs assert that they "would not have signed the document but for they relied on the

3

statements of fact made by [the employee] . . . that signing the Warranty Form was necessary only to activate the Limited Warranty for the motorhome." (*Id.* ¶ 7.) The Plaintiffs attach a copy of their Proposed Amended Complaint to the Motion to Amend.[4]

The Defendants responded and opposed the Motion to Amend stating that the "Plaintiffs have not provided good cause under Rule 16(b) for why the Court should grant leave to amend their pleading at this juncture, and the newly asserted allegations in their Proposed Amended Complaint are futile as they fail as a matter of law under a Rule 12(b)(6) standard." (Resp. Mot. Amend. 3, ECF No. 37.) The Defendants contend that the Plaintiffs must show good cause because they filed the Motion to Amend after the time to do so as specified in the Scheduling Order had passed. Alternatively, the Defendants assert that the employee's statement to Sandra Lewis "is not false" and that it "cannot be construed as a material misrepresentation because it was and is true," thus it fails as a matter of law pursuant to Rule 12(b)(6). (*Id.* 8–9.)

## II. Standard of Review: Amending Pleadings

"When a plaintiff seeks to amend [his or] her complaint after the deadline for doing so set in a scheduling order, [he or] she 'triggers both Fed. R. Civ. P. 15(a) governing amendments to pleadings and Fed. R. Civ. P. 16(b) governing modification to a scheduling order.'" *Weisheit v. Rosenberg & Assocs., LLC*, No. JKB-17-0823, 2018 WL 1942196, at * 2 (D. Md. Apr. 25, 2018) (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D. Md. 2002)). "First the Plaintiff 'must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the

---

[4] The Plaintiffs attach a Revised Proposed Amended Complaint to their Reply to the Defendants' Response to the Motion to Amend. (ECF No. 39-4.) The Plaintiffs revised one paragraph of the Proposed Amended Complaint to "more clearly [state] what [the employee] . . . told Sandra Lewis." (Reply Mot. Amend. 7 n. 1, ECF No. 39.) The Plaintiffs maintain that "[n]o other alterations have been made to the Amended Complaint, save for the date of service, as the meaning and substance of the Amended Complaint is fundamentally unchanged by this edit." (*Id.*) All references to the Proposed Amended Complaint will be to the Revised Proposed Amended Complaint. (ECF No. 39-4.)

4

movant then must pass the tests for amendment under [Rule] 15(a).'" *Id.* (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014)).

### III. The Plaintiffs Have Shown Good Cause to File the Motion to Amend Late

Federal Rule of Civil Procedure 16(b) governs the scheduling order issued by the presiding court. See Fed. R. Civ. P. 16(b). Rule 16(b)(4) declares that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The 'primary consideration of the Rule 16(b) "good cause" standard is the diligence of the movant.'" *Weisheit*, 2018 WL 1942196 at * 3 (quoting *Rassoull*, 209 F.R.D. at 374).

The Western District of Virginia entered the scheduling order prior to transferring the case here. (ECF No. 12.) In the scheduling order, the Western District of Virginia set May 24, 2019, as the deadline to complete discovery and stated that "[a]ny motion . . . to amend the pleading must be filed *prior to* the cutoff day for discovery." (Scheduling Order 1, 3, ECF No. 12 (emphasis added).)

On May 24, 2019—the cutoff day for discovery and one day after the Scheduling Order required them to do so—the Plaintiffs filed the Motion to Amend. The Plaintiffs assert that they did not file the Motion to Amend sooner because they "sought to wait until the end of the limited discovery process before filing their amendments with the Court out of an awareness that new information could come to light that might change the prudence or content of [the] Plaintiffs' Proposed Amendments." (Reply Mot. Amend ¶ 5.) The Plaintiffs also attached an email, sent on May 23, 2019, one day prior to the close of discovery, in which they sought the Defendants' consent to file the Motion to Amend. (Reply Mot. Amend Ex. 1, ECF No. 39-1.) The Defendants "did not respond" to the Plaintiffs' email. (Reply Mot. Amend ¶ 6.)

5

The Plaintiffs made an appropriate choice to wait until the end of the limited discovery period to file the Motion to Amend. In doing so, Plaintiffs included in their Proposed Amended Complaint all newly discovered relevant information. Plaintiffs also notified the Defendants of their intent to file the Motion to Amend prior to the deadline set forth in the scheduling order. These actions serve the interest of judicial economy in a fair manner. For these reasons, the Plaintiffs have shown that they acted diligently in filing the Motion to Amend, and that they have established good cause for missing the amendment deadline.[5]

### IV. Plaintiffs Have Shown that Amendment Would Not Be Futile

In addition to satisfying Rule 16's good cause standard, Plaintiffs have also shown that they meet the requirements of Rule 15, including that amending the Complaint would not be futile.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* Fed. R. Civ. P. 15. Rule 15(a)(2) allows a party to "amend its pleading only with the opposing

---

[5] The Defendants assert that

> there is no explanation as to why [the] Plaintiffs are moving for leave to amend in May 2019 when the information that allegedly supports the allegations in their Amended Complaint was readily available to them after the deposition of Moore, which occurred on February 15, 2019 (over **three months prior** to when [the] Plaintiffs sought leave of the Court to file their Amended Complaint).

(Resp. Mot. Amend 5 (emphasis in original).) In reply, the Plaintiffs aver that although they

> do rely primarily on the Deposition of Mr. Moore as the basis for their amendments, [the] Plaintiffs sought to wait until the end of the limited discovery process before filing their amendments with the Court out of an awareness that new information could come to light that might change the prudence or content of [the] Plaintiffs' Proposed Amendments.

(Reply Mot. Amend ¶ 5.) The Plaintiffs, therefore, provide a fitting response to the Defendants' contention that the Plaintiffs should have filed the Motion to Amend prior to the deadline to do so, further supporting the good cause shown for missing the applicable deadline.

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). That same Rule specifies that "[t]he court should freely give leave when justice so requires." *Id.* "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"[6] *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)(quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original).

The Court may find an attempt to amend a complaint futile when the proposed amended complaint fails to state a claim as required by Rule 12(b)(6). *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2009); *Laber v. Harvey*, 438 F.3d 404, 426, 429 (4th Cir. 2006)). However, "[u]nless a proposed amendment may *clearly* be seen as futile . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (emphasis added).

To determine whether the Proposed Amended Complaint satisfies Rule 12(b)(6), the Court will determine whether it contains sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") In making this determination, the Court must assume all well-pleaded factual allegations in the Complaint to be

---

[6] The Defendants do not assert that the Motion to Amend prejudiced them or that the Plaintiffs acted in bad faith in bringing the Motion to Amend. The Court sees neither.

true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 676–79 (2009).

The Plaintiffs' proposed additional allegations plausibly meet each of the requirements of a constructive fraud cause of action. To prove constructive fraud under Virginia law, the Plaintiffs must show "by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." *Mortarino v. Consultant Eng'g Servs., Inc.*, 467 S.E.2d 778, 782 (Va. 1996) (citations omitted). First, Plaintiffs' allegations plausibly plead "a false representation of a material fact." *Id.* Specifically, they claim that an employee of Camping World told Ms. Lewis that "the Warranty Form '*was only used to register [the] new motorhome with Jayco.*'"[7] (Proposed Am. Compl. ¶ 15-B, ECF No. 39-4 (emphasis in original).) However,

---

[7] The Defendants argue that this statement "is not false." (Resp. Mot. Amend 8.) Specifically, they claim that "[b]y executing the Warranty Form, this allowed Camping World to immediately register the Limited Warranty with Jayco in order for it [to] go into effect." (*Id.*) "While the Limited Warranty would still be in effect without signing the Warranty Form, the remedies available to Ms. Lewis would potentially be delayed due to a failure to properly register the Limited Warranty with Jayco." (*Id.*) The Defendants claim that "[t]here exists no duty under law for either Camping World or Jayco to exhaustively explain each and every term of the Limited Warranty." (*Id.*)
Although the Plaintiffs agree that "sophisticated business entities have no obligation to explain every term and condition in a contract to a prospective consumer," they state that they base their claim on the employee's "false statement that the Warranty Registration form **only** registers the motorhome with Jayco." (Reply ¶¶ 15–16 (emphasis in original).) They allege that the Warranty Registration form served other purposes and it was the employee's nondisclosure of these additional purposes that supports their constructive fraud allegation. They support their contention by saying that "Defendant Jayco contends that the Warranty Registration form is the basis for [the] Plaintiffs allegedly agreeing to the forum selection clause in Defendant Jayco's Limited Warranty." (*Id.* ¶ 17.) For this reason, an allegation exists "from at least one Defendant that the Warranty Registration form purported to bind Plaintiffs to Indiana law and an Indiana venue." (*Id.*)
A difference clearly exists between a statement that the Warranty Registration Form *only* registers the motorhome with Jayco and a statement that the Warranty Registration Form registers the motorhome with Jayco. Specifically, the first statement precludes the Warranty Registration Form from serving any other purpose. The Supreme Court of Virginia has found

8

Plaintiffs contend the form "served two additional purposes which were not disclosed to Plaintiffs."[8] (*Id.* ¶ 40-H.)

Second, the Court will presume for the purposes of the Motion to Amend that the employee at least made the statement innocently. *See Mortarino*, 467 S.E.2d at 782. Finally, the Plaintiffs allege that "[b]ased on [the employee's] . . . specific representation that this was the only purpose and use of the Warranty Form, and in reliance that [the employee's] . . . representation of the purpose of the Warranty Form was accurate, Ms. Lewis signed the Warranty Form." (Proposed Am. Compl. ¶ 15-B.) Plaintiffs state that if they had known of the additional purposes of the Warranty Form they "would not have purchased the [m]otorhome." (*Id.* ¶ 40-H.) Based on these allegations, the Plaintiffs seek damages. (*See id.* ¶ 40-J.) These allegations plausibly show that the Plaintiffs relied on the employee's statement and suffered damages, satisfying the final prongs of the constructive fraud test. *See Mortarino*, 467 S.E.2d at 782.

Accepting as true all well-pleaded factual allegations, the Plaintiffs have plausibly alleged each of the elements of a constructive fraud cause of action. Because the Plaintiffs'

---

that such a statement, made by an agent of a company to a lay consumer, can support a constructive fraud cause of action. *See generally Nationwide Ins. Co. v. Patterson*, 331 S.E.2d 490 (Va. 1985) (finding that an insurance agent's statement that the policy would cover "*all* additional expenses" rather than "all *eligible* expenses" could support the trial court's finding of constructive fraud). For this reason, the employee's statement that "the Warranty Form '*was only used to register [the] new motorhome with Jayco*,'" (Proposed Am. Compl. ¶ 15-B (emphasis in original)), can support the Plaintiff's constructive fraud cause of action.

[8] The two additional purposes the Plaintiffs claim that the form served include: (1) "the Jayco Warranty Registration and Customer Delivery Form was intended to serve as a checklist to ensure that purchasers of a Jayco motorhome were receiving a functioning motorhome;" and, (2) "the Jayco Warranty Registration and Customer Delivery Form included fine print that stated '*I certify that the dealer has performed the above inspection and that I have received, read and understand the [Defendant Jayco, Inc.] Limited Warranty applicable to this product prior to purchase and I understand the terms thereof and the Intended use of the product.*'" (Proposed Am. Compl. ¶ 40-G (emphasis in original).)

additional allegations satisfy the Rule 12(b)(6) standard, their proposed amendments to the Complaint are not futile and the Plaintiffs meet the requirements of Rule 15.

## V. Conclusion

The Court recognizes that it "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Because the Plaintiffs have shown good cause for filing the Motion to Amend one day after the deadline to do so and that the proposed amendment would not be futile, the Court will grant the Motion to Amend. (ECF No. 32.) The Plaintiffs shall file their Amended Complaint within seven (7) days of this Order. The Defendants shall file an answer or responsive pleading to the Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/29/2019
Richmond, Virginia

**SO ORDERED**

/s/
M. Hannah Lauck
United States District Judge